IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PEREZ FUNCHES, | ) |
|           Plaintiff, | ) |
| vs. | ) CIVIL NO. 08-780-GPM |
| TIMOTHY LOVE, DERWIN L. RYKER, and ROGER E. WALKER, JR., | ) |
|           Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This prisoner civil rights action was opened after two of Plaintiff's claims were severed by United States District Judge J. Phil Gilbert pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), from claims filed in an earlier action pending before Judge Gilbert (*see Funches v. Ebbert*, civil case no. 07-226-JPG). Consequently, this action consists of two counts – Counts 6 and 7 of the complaint. In Count 6, Plaintiff alleges that Defendant Love (a prison chaplain) denied Plaintiff his right to freely exercise his religion (African Hebrew Israelite) in violation of Plaintiff's rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq.* In Count 7, Plaintiff alleges that Defendants Ryker (the warden) and Walker (the director of the Illinois Department of Corrections) knew about but failed to correct the unconstitutional actions taken by Defendant Love as alleged in Count 6.

At the time Plaintiff filed his claims, he was incarcerated in the Lawrence Correctional Center (Lawrence), where Defendant Love is the chaplain and Defendant Ryker is the warden.

Defendants filed a motion for summary judgment in the original case before these claims were severed.[1]  After the claims were severed and this action was assigned to the undersigned district judge, the motion for summary judgment was set for hearing.  At time of the hearing, Plaintiff was incarcerated in the Dixon Correctional Center (Dixon).

The motion for summary judgment was granted in part and denied in part.  As a preliminary matter, Defendant Walker was dismissed for lack of personal involvement as required under 42 U.S.C. § 1983.  With respect to the RLUIPA, sovereign immunity bars claims for money damages against Defendants in their official capacities.  *See Nelson v. Miller*, 570 F.3d 868, 884-85 (7th Cir. 2009).  Moreover, the RLUIPA does not subject state officials to suit in their individual capacities. *Id*. at 889.  The Court has carefully considered whether Plaintiff may pursue injunctive and declaratory relief against Defendants Love and Ryker, in their official capacities, under the RLUIPA.  Plaintiff currently is incarcerated at Dixon; it is conceivable that he could be transferred at some time back to Lawrence, but that is merely speculation at this time.  *If* Plaintiff were entitled to damages on his RLUIPA claim, then a request for declaratory relief would survive as a predicate for damages.  *See id*. at 883.  Because Plaintiff no longer is incarcerated at Lawrence and because he is not entitled to monetary damages, his requests for injunctive and declaratory relief under the RLUIPA are **moot**.  Consequently, the RLUIPA claim is dismissed in its entirety.

This leaves the First Amendment claim against Defendants Love and Ryker.  It is well-settled that in the context of First Amendment claims, "prisoners need not allege a physical injury

---

[1]When this action was opened, the motion for summary judgment filed in the original case was filed in this case, but the answer filed in the original case was not likewise filed in this case.  Accordingly, the Clerk of Court is **DIRECTED** to file in this case the answer filed in civil case number 07-226-JPG at Document 20.

to recover damages because the deprivation of the constitutional right is itself a cognizable injury, regardless of any resulting mental or emotional injury." *Calhoun v. DeTella*, 319 F.3d 936, 940 (7th Cir. 2003) (citing cases). Because nominal and punitive damages remain viable on this claim, *see id*. at 941, Plaintiff may proceed on his claim for declaratory relief, *see Nelson*, 570 at 883. Any claim for injunctive relief, however, is moot. Plaintiff succinctly explained during the hearing that his argument is *not* that he should be allowed to practice every tenet of his religion and that concessions should be made by the prison to allow him to do so. Rather, he argues the opposite: he wants prison officials to allow African Hebrew Israelites the same accommodations as other sects for inmate-led services and congregational prayer. There is sufficient evidence in the record to raise a genuine issue of material fact on the question whether Defendants did, in fact, treat Plaintiff's religious sect differently. For this reason, the Court rejects Defendants' qualified immunity argument.

Currently before the Court is a renewed motion for appointment of counsel, in which Plaintiff requests the assistance of counsel in light of the complexity of his remaining claims. In evaluating the propriety of recruitment of counsel, this Court must examine (what are known as) the *Pruitt* factors and apply them to the specific circumstances of this case. *Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). The Court must ask: "'(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Id*. at 761, *quoting Pruitt v. Mote*, 503 F.3d 647, 854 (7th Cir. 2007) (en banc). The circumstances presented in this case warrant recruitment of counsel. *See Santiago*, 599 F.3d at 765 ("The situation here is qualitatively different from typical prison litigation."). First, Plaintiff has shown that he tried to obtain counsel

on his own.[2] While it is true that Plaintiff has survived a motion for summary judgment, the issues remaining for trial – and the discovery to be conducted – now exceed Plaintiff's ability to "coherently present [the case] to the judge or jury himself." *See Pruitt*, 503 F.3d at 655. Plaintiff's motion (Doc. 23) is **GRANTED**, and the Court **RECRUITS** Attorney John J. Pawloski, Law Office of John Pawloski, 1900 Locust Street, Suite 302, St. Louis, Missouri 63103 to represent Plaintiff **in this case and in this Court only**. Mr. Pawloski is **directed** to file his entry of appearance **on or before October 12, 2010**.

Discovery has not been conducted on these claims. Having already resolved Defendants' motion for summary judgment, the issues are narrow and will not require extensive discovery. Accordingly, the parties are granted 90 days to conduct discovery and prepare for trial. The Court will not consider additional dispositive motions. A final pretrial conference is **SCHEDULED** for **January 24, 2011, at 9:00 a.m.** in the East St. Louis, Illinois, courthouse. A jury trial[3] is **SCHEDULED** for **March 22, 2011, at 8:00 a.m.** in the East St. Louis, Illinois, courthouse.

**IT IS SO ORDERED.**

DATED: 09/27/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[2]Before this case was severed, Plaintiff filed a motion in the original case seeking appointment of counsel and detailing his unsuccessful efforts to secure counsel on his own (*see* civil case no. 07-226-JPG at Doc. 3).

[3]During the hearing, the Court erroneously stated that this case would proceed as a bench trial. Plaintiff demanded a jury in his complaint (*see* Doc. 2) and has not waived his jury demand.